IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DIXIE LAND OIL COMPANY, LLC,          *
aka DIXIE LAND ENERGY, LLC,
                                      *
        Plaintiff,
                                      *      Civil Action No. GLR-24-1262
v.
                                      *
PARO, INC., et al.,
                                      *
        Defendants.
                                    ***

## <u>MEMORANDUM OPINION</u>

THIS MATTER is before the Court on Defendants Mohammed Ali Gulzari and Gulzari CPA, LLC's (collectively "Gulzari") Motion to Dismiss the Amended Complaint, or in the Alternative, for Summary Judgment (ECF No. 26);[1] and Defendant Paro, Inc.'s ("Paro") Motion to Set Aside Entry of Default (ECF No. 36). The Court will construe Gulzari's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 26) as a Motion for Summary Judgment with respect to Plaintiff Dixie Land Oil Company, LLC, aka Dixie Land Energy, LLC's ("Dixie Land") breach of contract claim. The Court will construe the Motion as a Motion to Dismiss with respect to all other claims. The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6

---

[1] Also pending is Gulzari's Motion to Dismiss the original Complaint, or in the Alternative, Motion for Summary Judgment (ECF No. 14). Because Plaintiff Dixie Land Oil Company, LLC, aka Dixie Land Energy, LLC, ("Dixie Land") filed an Amended Complaint on June 13, 2024, (ECF No. 19), Gulzari's first Motion to Dismiss (ECF No. 14) will be denied as moot. See Due Forni LLC v. Euro Rest. Solutions, Inc., No. PWG 13-3861, 2014 WL 5797785, at *2 (D.Md. Nov. 6, 2014) (explaining that an amended complaint generally moots a pending motion to dismiss the original complaint because the original complaint is superseded).

(D.Md. 2023). For the reasons outlined below, the Court will grant in part and deny in part Gulzari's Motion to Dismiss the Amended Complaint, or in the Alternative, Motion for Summary Judgment (ECF No. 26), and grant Paro's Motion to Set Aside Entry of Default (ECF No. 36).

## I.    BACKGROUND[2]

### A.    Factual Background

Dixie Land is a Maryland limited liability company and provider of "oil, diesel, fuel, kerosene, and other petroleum products . . . throughout the Mid-Atlantic Region." (Am. Compl. ¶ 1, ECF No. 19). Paro is a professional staffing service incorporated in Illinois. (Id. ¶¶ 2, 9). Gulzari CPA, LLC is a Florida limited liability company and provider of professional accounting services. (See id. ¶¶ 4, 10). Mohammed Ali Gulzari is its sole member. (Id. ¶ 4). This action arises out of Paro and Gulzari's alleged negligence surrounding Gulzari's contract to handle "Federal Excise Tax and Federal Excise Tax Refund returns" for Dixie Land. (Id. at 2–12).[3]

In May 2019, Dixie Land won a bid to deliver fuel to entities exempt from excise taxes. (Id. ¶ 5). Dixie Land purchased the fuel and paid all excise taxes upfront before selling it to the tax-exempt entities, with the aim of seeking a refund for its excise tax payments. (See id. ¶¶ 6–9). Because Dixie Land's staff had no experience filing federal

---

[2] Unless otherwise noted, the Court takes the following facts from Dixie Land's Amended Complaint, (ECF No. 19), and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

[3] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

excise tax or federal excise tax refund returns it "sought the services of Paro . . . to locate a qualified accountant." (Id. ¶¶ 8–9.).

In January 2020, Paro informed Dixie Land that it had selected Gulzari, a professional accountant, to handle the federal excise tax or federal excise tax refund returns. (Am. Compl. ¶ 10). Paro drafted a "Statement of Work Terms and Conditions" between Gulzari and Dixie Land, which provided that Paro would collect fees from Dixie Land "for the work performed by [Gulzari]." (Id. ¶ 12). Dixie Land subsequently granted Gulzari Power of Attorney to "[p]repare tax forms related to excise tax and refund." (Id. ¶ 11).

On February 18, 2021, Dixie Land received an email from Gulzari "'politely bow[ing] out,' citing IRS processing delays" and "representing to Dixie Land that it should still obtain the Federal Excise Tax Refunds with the submissions made" thus far. (Id. ¶ 33).

Dixie Land states that it became aware of Gulzari's breach of contract on March 25, 2021, when it received a full disallowance letter from the IRS. (Id. ¶ 34). Because of the disallowance, Dixie Land "will not receive reimbursement of any of the funds it advanced for sales occurring from July 2019 through September 2021." (Id. ¶ 37). Moreover, Dixie Land attributes the disallowance to Gulzari's failure "to provide the services as agreed upon." (Id. ¶ 32). This includes: failing "to file all the necessary forms related to the Excise Tax Refunds, [specifically] . . . a 637 Ultimate Vender Registration form [Form 637];" "filing . . . the wrong [tax] schedule each [q]uarter;"[4] "failing to notify Dixie Land that

---

[4] Dixie Land pleads that Gulzari "erroneously filed using a Schedule 1 instead of a Schedule 2." (Am. Compl. ¶ 32).

[Form 637] was a related and required form requesting a Federal Excise Tax refund; and misrepresent[ing] when Dixie Land could file [Form 637]." (Id. ¶¶ 14–15).

As support for its claims, Dixie Land attaches several exhibits: (1) an executed Power of Attorney form, (ECF No. 3-1); (2) a Statement of Work Terms and Conditions (ECF No. 3-2); (3) Email exchanges with Paro and Gulzari, (ECF Nos. 3-3, 3-4); (4) an IRS Disallowance Letter, (ECF No. 3-5); and (5) an IRS Appeals Letter, (ECF No. 3-6). Dixie Land seeks to recover monetary damages and other financial relief. (Am. Compl. ¶¶ 22, 29, 38).

### B.    Procedural History

On March 21, 2024, Dixie Land filed its original complaint against Gulzari and Paro in the Circuit Court for Cecil County, Maryland alleging two counts of negligence and breach of contract (Compl. at 1, 3–4, ECF No. 3). Gulzari removed the case to this Court on April 30, 2024 on the basis of diversity jurisdiction. (Notice of Removal ¶¶ 1–2, 6, ECF No. 1). On June 13, 2024, Dixie Land filed an Amended Complaint against Gulzari and Paro alleging: negligence (Counts I, IV); negligent misrepresentation (Counts II, V); breach of contract (Count III); and unjust enrichment (Count VI). (Am. Compl. ¶¶ 16–66). Gulzari filed the instant Motion to Dismiss or Alternatively, for Summary Judgment on July 11, 2024. (ECF No. 26). Dixie Land opposed the Motion on August 15, 2024. (ECF No. 32). On August 29, 2024, Gulzari filed its Reply. (ECF No. 35).

As a result of service and failure to respond, a Clerk's Entry of Default and Notice of Default was issued against Paro on July 29, 2024. (ECF Nos. 30, 31). On September 25, 2024, Paro filed the instant Motion to Set Aside Entry of Default. (ECF No. 36). Dixie

Land filed an Opposition on October 4, 2024, (ECF No. 37), and Paro filed a Reply on October 17, 2024, (ECF No. 38).

## II.    DISCUSSION

### A.    <u>Conversion</u>

Gulzari styles its Motion as a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for Summary Judgment under Federal Rule of Civil Procedure 56. (ECF No. 26). A motion styled in this manner implicates the Court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. <u>See</u> <u>Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.</u>, 788 F.Supp.2d 431, 436–37 (D.Md. 2011), <u>aff'd</u>, 684 F.3d 462 (4th Cir. 2012). This Rule provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). The Court has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." <u>Wells-Bey v. Kopp</u>, No. ELH 12-2319, 2013 WL 1700927, at *5 (D.Md. Apr. 16, 2013) (quoting 5C Wright & Miller, <u>Federal Practice & Procedure</u> § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

The United States Court of Appeals for the Fourth Circuit has articulated two requirements for proper conversion of a Rule 12(b)(6) motion to a Rule 56 motion: (1) notice; and (2) a reasonable opportunity for discovery. <u>Greater Balt. Ctr. For Pregnancy Concerns, Inc. v. Mayor and City Council of Balt.</u>, 721 F.3d 264, 281 (4th Cir. 2013).

When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur. See Moret v. Harvey, 381 F.Supp.2d 458, 464 (D.Md. 2005)

Ordinarily, summary judgment is inappropriate where "the parties have not had an opportunity for reasonable discovery." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448–49 (4th Cir. 2011). Yet, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" Harrods Ltd. V. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996)). To sufficiently raise the issue that more discovery is needed, the non-movant must typically file an affidavit or declaration under Rule 56(d), explaining the "specified reasons" why "it cannot present facts essential to justify its opposition." Fed.R.Civ.P. 56(d).

"The Fourth Circuit places 'great weight' on the affidavit requirement." Nautilus Ins. Co. v. REMAC Am., Inc., 956 F.Supp.2d 674, 683 (D.Md. 2013) (quoting Evans, 80 F.3d at 961). However, non-compliance may be excused "if the nonmoving party has adequately informed the district court that the motion is pre-mature and that more discovery is necessary." Harrods, 302 F.3d at 244. Courts place greater weight on the need for discovery "when the relevant facts are exclusively in the control of the opposing party," such as "complex factual questions about intent and motive." Id. at 246–47 (quoting 10B

Wright, Miller & Kane, Federal Practice & Procedure § 2741, at 419 (3d ed. 1998) (internal quotation marks omitted)).

Here, the Court concludes that both requirements for conversion are satisfied. First, Gulzari styled its Motion as a motion in the alternative for summary judgment, (Defs.' Mot. Dismiss Alternatively Mot. Summ. J. at 1, ECF No. 26), and submitted extra-pleading material for the Court's consideration, (ECF Nos. 26-2–26-11). Thus, Dixie Land was on notice that the Court might resolve Gulzari's Motion under Rule 56. See Moret, 381 F.Supp.2d at 464. Second, while Dixie Land requests discovery to address Gulzari's causation argument, (Pl.'s Opp'n Defs.' Mot. Dismiss Alternatively Mot. Summ. J. ["Opp'n"] at 21, ECF No. 32; Williams Aff. ¶¶ 33–35, ECF No. 32-1), no such requests were made with respect to any other arguments raised in Gulzari's Motion. Accordingly, the Court will treat Gulzari's Motion as one for summary judgment as it relates to Count III, Dixie Land's breach of contract claim, (Am. Compl. ¶¶ 30–38). The Motion is construed as a Motion to Dismiss with respect to all other claims.

## B. Motion for Summary Judgment

### 1. Standard of Review

Summary judgment is proper when the movant demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a), (c)(1)(A). Significantly, a party must be able to present the materials it cites in "a form that would be admissible in

evidence," Fed.R.Civ.P. 56(c)(2), and supporting affidavits and declarations "must be made on personal knowledge" and "set out facts that would be admissible in evidence," Fed.R.Civ.P. 56(c)(4). The Court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002).

Once a motion for summary judgment is properly made and supported, the burden shifts to the nonmovant to identify evidence showing that there is a genuine dispute of material fact. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). The nonmovant cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir. 2008) (quoting Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985)).

A "material fact" is one that might affect the outcome of a party's case. Anderson, 477 U.S. at 248; see also JKC Holding Co., LLC v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001) (citations omitted). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. Anderson, 477 U.S. at 248. If the nonmovant has failed to make a sufficient showing

8

on an essential element of his case where he has the burden of proof, "there can be 'no genuine [dispute] as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).

The parties do not dispute that Maryland substantive law governs this diversity action. See 28 U.S.C. § 1652; Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

**2.     Analysis**

**a.     Breach of Contract Claim (Count III)** [5]

Gulzari argues that it is entitled to summary judgment on Dixie Land's breach of contract claim because it "did not owe any contractual duties or obligations to [Dixie Land]

---

[5] Gulzari maintains that Dixie Land's claims are barred under Maryland's three-year statute of limitations for civil actions. (Gulzari Mot. at 13); see Md. Code Ann. Cts. & Jud. Proc. §5-101. The Court disagrees. Maryland courts have held that the "dispositive issue in determining when limitations begin to run is when the plaintiff was put on notice that he may have been injured." Fairfax Sav., F.S.B. v. Weinberg & Green, 685 A.2d 1189, 1202 (Md.Ct.Spec.App. 1996). "It is the discovery of the injury, and not the discovery of all of the elements of a cause of action that starts the running of the clock for limitations purposes." Lumsden v. Design Tech Builders, Inc., 479 A.2d 796, 804 (Md. 2000). Gulzari argues that Dixie Land was on inquiry notice of potential injury as early as June 1, 2020, when it emailed Gulzari asking, "[a]re you registered with the IRS on Form 637, Registration for Tax Free Transactions?" (Gulzari Mot. at 14; June 2020 Email Thread at 1, ECF No. 26-4). Dixie Land counters that it first discovered its injury "on March 25, 2021, when it received a 'disallowance [letter] from the IRS for sought after Excise Tax refunds,'" and therefore its claims are not time barred because Dixie Land filed its initial Complaint on March 21, 2024, within three years of its injury. (Opp'n at 24–25; see also Am. Coml. ¶ 34). The Court agrees with Dixie Land. Because Gulzari failed to inform Dixie Land of the significance of Form 637 and its impact on the excise tax refunds, (see June 2020 Email Thread at 1; Opp'n at 26–27 ("[A]t no time, until its Motion, did Gulzari say [that] Form 637 was a prerequisite for obtaining a tax refund, despite being asked explicitly")), the Court does not find the June 1, 2020 email sufficient to put Dixie Land on notice of injury. Cf. Tate v. Am. Gen. Life Ins. Co., 627 F.Supp.3d 480, 495 (D.Md. 2022) (finding plaintiff to be put on inquiry notice where relevant language was

related to the filing of IRS Form 637." (Defs.' Mem. Supp. Mot. Dismiss Alternatively Mot. Summ. J. ["Gulzari Mot."] at 6, ECF No. 26-1). At bottom, the Court finds that there are disputes of material fact as to this issue and will deny Gulzari's Motion.

Under Maryland law, the elements of a claim for breach of contract are "contractual obligation, breach, and damages." Parkway 1046, LLC v. U.S. Home Corp., 961 F.3d 301, 307 (4th Cir. 2020) (quoting Kumar v. Dhanda, 17 A.3d 744, 749 (Md.Ct.Spec.App. 2011)).

The interpretation of a contract is "ordinarily a question of law for the court," Grimes v. Gouldmann, 157 A.3d 331, 334 (Md. 2017), as is the question of whether contract terms are ambiguous, Calomiris v. Woods, 727 A.2d 358, 362 (Md. 1999). In conducting this inquiry, a court's interpretation of a contract is generally "limited to the four corners of the agreement." Walton v. Mariner Health of Maryland, Inc., 894 A.2d 584, 594 (Md. 2006). When interpreting a contract, courts determine "what a reasonable person in the position of the parties would have meant at the time it was effectuated." Gen. Motors Acceptance v. Daniels, 492 A.2d 1306, 1310 (1985). To this end, the language of disputed contractual provisions must be read "in context, which includes not only the text of the entire contract but also the contract's character, purpose, and 'the facts and circumstances of the parties at the time of execution.'" Credible Behav. Health, Inc. v. Johnson, 220 A.3d 303, 310–11 (2019) (quoting Ocean Petroleum Co. v. Yanek, 5 A.3d 683, 691 (Md. 2010)). Nevertheless, it is "improper for the court to rewrite the terms of a contract, or draw a new

_____

"prominent[ly]" and "repeatedly" displayed on various documents). Accordingly, Dixie Land's claims are not time-barred.

contract for the parties, when the terms thereof are clear and unambiguous." <u>Calomiris</u>, 727 A.2d at 368 (quoting <u>Canaras v. Lift Truck Services</u>, 322 A.2d 866, 873 (Md. 1974)). "[C]ourts should avoid interpreting contracts so as to nullify their express terms." <u>Id.</u> at 441.

"Ambiguity arises when a term of a contract, as viewed in the context of the entire contract and from the perspective of a reasonable person in the position of the parties, is susceptible of more than one meaning." <u>Impac Mortg. Holdings, Inc. v. Timm</u>, 255 A.3d 495, 507 (Md. 2021). "[W]here contractual language is ambiguous, extrinsic evidence is admissible to show the intention of the parties." <u>Truck Ins. Exch. v. Marks Rentals, Inc.</u>, 418 A.2d 1187, 1190 (Md. 1980); <u>see also</u> <u>Pac. Indem., Co. v. Interstate Fire & Cas. Co.</u>, 488 A.2d 486, 489 (Md. 1985) ("Construction of the contract by the parties to it before the controversy arises is an important aid to interpretation of uncertain terms"). As contract terms are interpreted in context, "a term which is clear in one context may be ambiguous in another." <u>Johnson</u>, 466 220 A.3d at 310 (quoting <u>Sullins v. Allstate Ins. Co.</u>, 667 A.2d 617, 619 (Md. 1995)).

Viewing the evidence in the light most favorable to Dixie Land,[6] the non-movant, there are several disputes of material fact that prevent the Court from granting summary judgment at this stage. <u>See</u> <u>Dennis</u>, 290 F.3d at 645. First, a genuine dispute of material fact exists as to whether Form 637 is included within the scope of Gulzari's contractual duties. Dixie Land contracted with Gulzari for the purpose of obtaining "Federal Excise

---

[6] With respect to the breach of contract claim, the Court considers evidence beyond Dixie Land's complaint.

Tax Refunds" on its tax returns. (Am. Compl. ¶¶ 9–12). The contract offers the following description of work to be provided by Gulzari: "Excise Tax Support: 10.00–17.00 hours of Tax Preparation support. Included in this: Prepare tax forms related to excise tax and refund." (Statement of Work Terms & Conditions at 3, ECF No. 3-2). Gulzari could have requested clearer language in the contract if it intended to limit its services to specific excise tax and refund forms; however, it did not do so. See Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 98 (4th Cir. 1992). Further, by Gulzari's own admission, Form 637 must be submitted to and approved by the IRS before a company can engage in excise tax activities, and thus recoup any excise tax refunds. (See Gulzari Mot. at 9; Opp'n at 14). Reading the plain language in light of the purpose of the contract, the Court finds that at this stage of the case, a reasonable person in Dixie Land's position could interpret the contract as applying to any tax forms "related to excise tax and refund[s]," including Form 637. (Opp'n at 14). Accordingly, the Court finds that a dispute of material fact exists as to what the contract covered, and summary judgment must be denied.

Second, there is a dispute of material fact as to whether the parties narrowed the scope of the contract to exclude Form 637. Gulzari argues that contract was narrowed and offers emails between Debbie Williams, a member of Dixie Land's accounting department, and Mr. Gulzari to show that his office was not retained to prepare or file Form 637. (Gulzari Mot. at 6–7; Jan.–Feb. 2020 Email Thread at 1, ECF No. 26-7). Dixie Land disagrees, arguing that the emails establish that Gulzari failed to provide appropriate advice as to whether Form 637 was required at all. (Opp'n at 16; June 2020 Email Thread at 1). Because there are questions of fact as to the scope of the parties' contract and their intent,

the Court finds that it is inappropriate at this stage of the litigation to grant summary judgment prior to discovery. See ISP Techs., Inc. v. Capricorn Pharma, Inc., No.WDQ 11-0023, 2011 WL 2600674, at *7 (D.Md. June 28, 2011) ("[S]ummary judgment prior to discovery can be particularly inappropriate when a case involves complex factual questions about intent and motive.") (quoting Harrods, 302 F.3d at 247). Accordingly, Gulzari's Motion for Summary Judgment as to Dixie Land's breach of contract claim will be denied.[7]

## C.    **Motion to Dismiss**

### 1.    **Standard of Review**

In reviewing the Complaint in light of a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to Dixie Land. Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005) (citing

---

[7] Gulzari also argues that it should be granted summary judgment on the damages element of Dixie Land's breach of contract claim because its actions were not the cause of any losses suffered by Dixie Land. (Gulzari Mot. at 9). However, under Maryland law, "damages is not an essential element of a claim for breach of contract." Meredith v. Int'l Marine Underwriters, 2012 WL 3025139, at *11 (D.Md. July 20, 2012). "To prevail in an action for breach of contract a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." Taylor v. NationsBank, N.A., 776 A.2d 645, 651 (Md. 2001). "For it is well settled that where a breach occurs, one may recover nominal damages even though he has failed to prove actual damages." Id. Therefore, the Court need not address Gulzari's damages argument at this time.

Further, Gulzari asserts that Dixie Land's claims are barred by the doctrines of contributory negligence, unclean hands, or in pari delicto because Dixie Land failed to file Form 637 before contracting with Gulzari. (Gulzari Mot. at 15, 18). Because the parties have not yet entered discovery, the Court declines to rule on these affirmative defenses at this stage. See Washington v. Baltimore Police Dep't, 457 F.Supp.3d 520, 531 (D.Md. 2020).

Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)); Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Migdal v. Rowe Price-Fleming Int'l Inc., 248 F.3d 321, 325–26 (4th Cir. 2001); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed.R.Civ.P. 8(a)(2)). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. Id. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

   2.    **Analysis**

14

a.    **Negligence (Count IV)**

Gulzari argues that Dixie Land's negligence claim must be dismissed because it "cannot establish a causal link between Gulzari's alleged acts and/or omissions and its alleged damages." (Gulzari Mot. at 9). The Court disagrees.

Under Maryland law, a professional negligence claim—like any negligence claim—requires the plaintiff to establish "a duty owed to the plaintiff or to a class of which the plaintiff is a part; a breach of that duty; a causal relationship between the breach and the harm; and damages suffered." Walpert, Smullian & Blumenthal, P.A. v. Katz, 762 A.2d 582, 587 (Md. 2000). Because Gulzari only attacks the causation prong of Dixie Land's negligence claim, the Court will limit its analysis to this issue.

In order to establish the requisite causal relationship, the plaintiff "must show that there is a reasonable probability or reasonable certainty that the act complained of caused the injury suffered. Mere possibility is not enough." Lustine Chevrolet v. Cadeaux, 308 A.2d 747, 751 (Md.Ct.Spec.App. 1973). Here, the Amended Complaint states that Gulzari's professional negligence in failing to advise on and prepare Form 637 directly and proximately resulted in Dixie Land incurring substantial expenses, including expenses related to "responding to a partial denial of its application filed for the 2nd quarter of 2020, and its subsequent appeal" to the IRS. (Am. Compl. ¶¶ 49, 53). Because Dixie Land further alleges that the IRS denied the appeal of its "Full Disallowance" letter "based upon Gulzari's failure to previously file the required '637 Ultimate Vender Registration' certificate of registration," (id. ¶ 36), the Court finds that the Amended Complaint gives rise to a reasonable inference that Gulzari's actions caused Dixie Land's alleged damages.

See <u>Ashcroft</u>, 556 U.S. at 678. At this stage, these allegations are sufficient to state a claim for negligence against Gulzari. <u>See</u> <u>Gandy v. Howard Cnty Bd. of Educ.</u>, No. GLR 20-3436, 2021 WL 3911892, at *6 (D.Md. Sept. 1, 2021) (finding that plaintiff's negligence claim survives motion to dismiss based on reasonable inference of causation based on defendant's conduct). Accordingly, the Court will deny Gulzari's Motion to Dismiss Count IV of the Amended Complaint.

### b.    <u>Negligent Misrepresentation (Count V)</u>

Next, Gulzari argues that the Court should dismiss Count V of the Amended Complaint because Dixie Land fails to plead facts sufficient to establish the first element of negligent misrepresentation. (Gulzari Mot. at 19–20); <u>see</u> Fed.R.Civ.P. 12(b)(6). The Court disagrees.

To establish negligent misrepresentation, a plaintiff must show:

> (1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement; (2) the defendant intends that his statement will be acted upon by the plaintiff; (3) the defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury; (4) the plaintiff, justifiably, takes action in reliance on the statement; and (5) the plaintiff suffers damage proximately caused by the defendant's negligence.

<u>Lawley v. Northam</u>, No. ELH 10-1074, 2011 WL 6013279, at *9 (D.Md. Dec. 1, 2011).

Gulzari argues that Dixie Land fails to show that it negligently made a false statement. (Gulzari Mot. at 20). However, as the Fourth Circuit explains, negligent misrepresentation claims may also apply in instances where the defendant "negligently <u>withheld</u> information . . . 'material' to the dispute." <u>Arvon v. Liberty Mut. Fire Ins. Co.</u>,

2021 WL 3401258, at *5 (4th Cir. Aug. 4, 2021) (emphasis added). When evaluating negligent misrepresentation claims under a negligent nondisclosure theory, "a plaintiff must show 'actual reliance on [a] materially incomplete representation.'" Columbia Gas Transmission, LLC v. Mangione Enters. of Turf Valley, L.P., No. ELH 13-0115, 2014 WL 4854853, at *18 (D.Md. Sept. 26, 2014). "A misrepresentation is generally immaterial if the party to whom it is made reasonably could have ascertained the true facts." Arvon, 2021 WL 3401258, at *5 (internal quotation marks omitted).

Here, the Court finds that Dixie Land has sufficiently pled negligent misrepresentation based on Gulzari's alleged failure to disclose that Form 637 was required for Dixie Land to obtain federal excise tax refunds from the IRS. (See Am. Compl. ¶¶ 15, 57). The Court finds that this information is material to the dispute because, accepting Dixie Land's factual allegations as true, as this Court must, Erickson, 551 U.S. at 94, the purpose of the parties' contract was to ensure that Dixie Land obtained such refunds. (See id. ¶ 9). Last, Dixie Land alleges actual reliance on Gulzari's incomplete advice. (See id. ¶¶ 31, 34). Taken together, these facts are sufficient to survive Gulzari's Motion to Dismiss.

But even analyzing Dixie Land's claim under a traditional negligent misrepresentation theory, the Court still finds that the allegations are sufficient to plead the first element, because: (1) Dixie Land alleges that Gulzari falsely represented when Dixie Land could file Form 637, (Am. Compl. ¶ 15); and (2) Dixie Land also claims that Gulzari falsely represented that Dixie Land could obtain its desired refund without submitting Form 637, (id. ¶ 33). Therefore, at this stage, the Court finds that Dixie Land sufficiently states

the first element of its negligent misrepresentation claim against Gulzari. Accordingly, the Court will deny Gulzari's Motion to Dismiss Count V of the Amended Complaint.

### c.    Unjust Enrichment (Count VI)

Lastly, Gulzari argues that Count VI of the Amended Complaint must be dismissed because Dixie Land has not pled facts sufficient to state a claim for unjust enrichment. (Gulzari Mot. at 21). In Maryland, generally unjust enrichment claims "cannot be asserted when an express contract defining the rights and remedies of the parties exists." Cnty. Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc., 747 A.2d 600, 610 (Md. 2000); see also FLF, Inc. v. World Publ'ns, Inc., 999 F.Supp. 640, 642 (D.Md. 1998). However, "courts may allow a[n] unjust enrichment claim where there is a contract if there is evidence of fraud or bad faith." Kwang Dong Pharm. Co. v. Han, 205 F.Supp.2d 489, 497 (D.Md. 2002). Because an express contract exists between the parties and Dixie Land fails to allege fraud or bad faith, the unjust enrichment claim must be dismissed. Accordingly, the Court will grant Gulzari's Motion to Dismiss as to Count VI.

### D.    Motion to Vacate

#### 1.    Standard of Review

Rule 55 of the Federal Rules of Civil Procedure governs the setting aside of an entry of default or a default judgment. Specifically, Rule 55(c) states that "the court may set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). The Fourth Circuit has announced a "strong policy that cases be decided on their merits." United States v. Shaffer Equip. Co., 11 F.3d 450, 453 (4th Cir. 1993). Therefore, a motion to vacate default must be "liberally construed in order to provide relief from the onerous consequences of defaults and default

judgments." <u>Tolson v. Hodge</u>, 411 F.2d 123, 130 (4th Cir. 1969). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." <u>Id.</u>

When considering whether to set aside an entry of default, the Court weighs six factors: (1) whether the movant has a meritorious defense; (2) whether the movant acted with reasonable promptness; (3) whether the movant bears personal responsibility for the entry of default; (4) any prejudice to the non-moving party; (5) any history of dilatory action; and (6) the availability of lesser sanctions short of default judgment. <u>See Colleton v. Hoover Universal, Inc.</u>, 616 F.3d 413, 417 (4th Cir. 2010).

### 2.    Analysis

Paro moves to vacate the entry of default, arguing that a majority of the above-listed factors weigh in its favor. (<u>See generally</u> Def.'s Mot. Set Aside Entry Default ["Paro Mot."] at 1–10, ECF No. 36-1) The Court agrees. While the third factor does not weigh in favor of granting Paro's motion, the Court finds that the remaining factors point toward vacating the entry of default.

Paro argues that the first factor weighs in its favor because Dixie Land agreed to its Standard Terms, which shield Paro from liability "for the performance of any Professional hired by the Plaintiff" and contain a mandatory arbitration provision. (Paro Mot. at 2–3, 5). Although Dixie Land disputes that it agreed to any such terms, (Pl.'s Resp. Opp'n Mot. Vacate ["Opp'n Mot. Vacate"] at 3, ECF No. 37), the Court agrees with Paro, finding that it has satisfied its burden of making "a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for [Paro]." <u>United States v.</u>

Moradi, 673 F.2d 725, 728 (4th Cir. 1982); see also Penn. Nat. Mutual Cas. Ins. Co. vs. Generali-U.S. Branch, 345 F.R.D. 592, 595 (D.Md. 2024); (Paro Mot. at 5).

The second factor weighs in favor of setting aside the default because Paro acted with reasonable promptness after learning of its default, filing its motion to vacate within 60 days of the Clerk's default entry. (See ECF Nos. 30, 31, 36); cf. Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967) (defaulting party did not act with reasonable promptness when two and one-half months passed between entry of default and motion to vacate).

As to the fourth, fifth and sixth factors, each cut in favor of Paro's motion. First, the Court cannot discern any prejudice to Dixie Land, especially given that the case is in its infancy; and Dixie Land agrees, (Opp'n Mot. Vacate at 4). Next, the Court finds, and Dixie Land concedes, (id.), that there has not been a history of dilatory action. And finally, lesser sanctions, such as shifting the costs of litigating the entry and setting aside of the default order, can more appropriately address Paro's brief absence in this case. The extreme sanction of default is simply not warranted. See Trs. of Sheet Metal Workers' Local Union No. 5 & Iron Workers Emp'rs Ass'n, Emp. Pension Tr. v. R. Stoddard, LLC, No. GJH 17-3286, 2019 WL 1128518, at *2 (D.Md. Mar. 8, 2019) ("It is an appropriate lesser sanction to award attorneys' fees when a party defaults.").

Given the "strong preference" that cases be decided on the merits, Hoover, 616 F.3d at 417, the Court finds that Paro has demonstrated sufficient good cause under Rule 55(c) to set aside the entry of default. Accordingly, Paro's Motion will be granted.

### III.    CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Gulzari's Motion to Dismiss the Amended Complaint, or in the Alternative, for Summary Judgment (ECF No. 26). Gulzari's Motion is construed as a Motion for Summary Judgment and denied in part as to Count III of the Amended Complaint. Gulzari's Motion is construed as a Motion to Dismiss and denied in part as to Counts IV, and V, and granted in part as to Count VI. Gulzari shall answer the remaining counts of the Amended Complaint as required by the Federal Rules of Civil Procedure and the Local Rules of this Court. Additionally, the Court grants Paro's Motion to Set Aside Entry of Default (ECF No. 36). Paro is instructed to respond to Dixie Land's Amended Complaint in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. A separate Order follows.

Entered this 7th day of January, 2025.


_____/s/_____
George L. Russell, III
Chief United States District Judge